

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-87,910-01

### EX PARTE JONATHAN STEVEN JONES, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. FR 75641-A IN THE 426TH DISTRICT COURT
### FROM BELL COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of sexual assault and sentenced to imprisonment.

Applicant contends that he was denied his right to a direct appeal of the conviction through no fault of his own. *See Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988); *Jones v. State*, 98 S.W.3d 700 (Tex. Crim. App. 2003). Trial counsel has provided an affidavit, and the trial court has entered findings of fact and recommends that a late appeal be granted. The findings and

recommendation are supported by the habeas record and applicable law.

Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 75641 from the 264th District Court of Bell County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal.

Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues. Applicant's remaining claims are dismissed. *See Ex parte Torres*, 943 S.W.2d 469 (Tex. Crim. App.1997).

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: May 23, 2018
Do not publish